NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ASHANTUA KIE MAKEL, *Appellant*.

No. 1 CA-CR 15-0091
FILED 3-10-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-119000-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

The Heath Law Firm, PLLC, Mesa
By Mark Heath
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        Ashantua Kie Makel appeals her convictions and sentences for possession or use of dangerous drugs and possession of drug paraphernalia. She challenges the trial court's finding that the State did not strike the sole Black juror with discriminatory intent. Because we find no error, we affirm the ruling.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        Makel was discovered in a car parked in the alley behind a strip mall. When asked, she was unable to find her identification card, and, on the floorboard, the police officer saw an open folding knife and small baggies, some of which contained a crystal substance he suspected was methamphetamine. After Makel got out of the car, the officer retrieved the knife, baggies, a glass pipe suspected to be used for smoking methamphetamine, and a pouch containing ten more baggies.

¶3        Makel was arrested and subsequently indicted for possession or use of dangerous drugs and possession of drug paraphernalia. The jury found her guilty as charged, and she was subsequently sentenced to prison. We have jurisdiction over her appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A).[2]

## DISCUSSION

¶4        Makel raises one issue on appeal. She argues the trial court abused its discretion by permitting the State to strike the only Black juror

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

[2] We cite to the current version of the statutes unless otherwise noted.

on the venire, given that the State's reason for striking the juror was a pretext for its true discriminatory motive.

**¶5**        We review a ruling denying a *Batson*[3] challenge for clear error, giving "great deference to the trial court's ruling" because the court has to assess a prosecutor's credibility and is in a better position to assess the reason the potential juror was stricken. *State v. Bustamante*, 229 Ariz. 256, 260-61, ¶ 15, 274 P.3d 526, 530-31 (App. 2012) (citations omitted).

**¶6**        The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution precludes a party from using race to eliminate a prospective juror with a peremptory strike. *State v. Gay*, 214 Ariz. 214, 220, ¶ 17, 150 P.3d 787, 793 (App. 2007) (citing *Batson v. Kentucky*, 476 U.S. 79, 89 (1986)). A party who believes a prospective juror has been struck for a discriminatory reason may challenge the strike. The State must then "provide a race-neutral reason for the strike" and then the trial court "must determine whether the challenger has carried [her] burden of proving purposeful racial discrimination." *State v. Roque*, 213 Ariz. 193, 203, ¶ 13, 141 P.3d 368, 378 (2006) (citations omitted). In evaluating any race-neutral explanation and the credibility of the proffered explanation, the court can consider "the prosecutor's demeanor; . . . how reasonable, or how improbable, the explanations are; and . . . whether the proffered rationale has some basis in accepted trial strategy." *Gay*, 214 Ariz. at 220, ¶ 17, 150 P.3d at 793 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003)); *see Bustamante*, 229 Ariz. at 261, ¶ 17, 274 P.3d at 531. And we will not reverse the court's determination unless the reasons provided by the State are clearly pretextual. *Roque*, 213 Ariz. at 204, ¶ 15, 141 P.3d at 379.

**¶7**        Here, Makel argued the State used a peremptory strike on Juror 11 on the basis of race because she was the only African-American woman in the venire panel and had stated she could be fair and impartial. The State responded by explaining that it had struck Juror 11, a certified nurse working at a senior living facility, and every prospective juror who indicated "that they were a nurse or had some kind of experience in that field." The State also stated it had struck a juror whose wife was a nurse because he was "very familiar with her work." The court found that the State provided "race-neutral basis for striking" Juror 11 and overruled the *Batson* challenge.

**¶8**        Later, and outside of the presence of the selected jurors, Makel supplemented her challenge by stating that "the prosecutor did not strike

---

[3] *Batson v. Kentucky*, 476 U.S. 79 (1986).

anybody else [who] was a nurse," and that Juror 11 appeared to be the only African-American on the venire. The State responded that it had struck two other potential jurors in the healthcare field, and had not struck others who were minorities.

¶9     Makel now argues that the State's failure to strike Juror 1, who she contends was White and had a wife connected to the medical field, is evidence that the State's reason was a pretext for its discriminatory intent. We disagree.

¶10     Because Makel failed to raise the argument to the trial court to allow the court to resolve the claim, we cannot now conduct a clear error review. *See State v. Medina*, 232 Ariz. 391, 404, 05, ¶¶ 48, 49, 306 P.3d 48, 61, 62 (2013) (noting that a comparison of jurors based on a cold record may be misleading when alleged similarities were not raised at trial and, as a result, "[w]e decline to examine more detailed comparisons than were alleged at trial.") (citation omitted). However, even if we considered the argument, the record reveals differences between Jurors 11 and 1; while Juror 11 had been employed at a health facility for five years, Juror 1's spouse, a former marketing director for the Burn Foundation, had recently started working there again, a non-medical job, under a three-month contract. Because there are differences between the two jurors, the record does not reveal purposeful discrimination. As a result, and based on the record, Makel has failed to demonstrate that the court erred by denying her *Batson* challenge to the State's peremptory strike of Juror 11.

**CONCLUSION**

¶11     For the foregoing reasons, we affirm Makel's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama